IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

RAYMOND LEECH

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.:    WDQ-12-2143
CRIMINAL NO.:  WDQ-06-0427

MEMORANDUM OPINION

Raymond Leech pled guilty to conspiracy to distribute and was sentenced to 151 months imprisonment. Pending is Leech's *pro se* motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, the Rule 60(b) motion will be denied; alternatively his Rule 60(b) motion, construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be dismissed without prejudice.

I. Background

On June 8, 2007, pursuant to a plea agreement, Leech pled guilty to conspiracy to distribute marijuana in violation of 21 U.S.C. § 846. In January 2008, Leech acting *pro se*, sent a letter to the Court asking to withdraw his guilty plea. On March 19, 2008, Leech filed a formal motion to withdraw his

guilty plea. ECF No. 203. On March 28, 2008, the Court conducted a hearing and denied Leech's motion to withdraw his plea. ECF No. 205. On March 31, 2008, Leech was sentenced to 151 months imprisonment. ECF No. 208. He appealed his conviction and sentence. ECF No. 213. On February 2, 2011 the Fourth Circuit affirmed Leech's conviction, rejected his voluntariness arguments, vacated his sentence, and remanded for resentencing.[1] *See United States v. Leech*, 409 Fed. App'x 633 (4th Cir. 2011); ECF No. 284. Upon remand, Leech was resentenced to 151 months imprisonment. ECF No. 328. He appealed again, claiming *inter alia*, that the sentence was unreasonable.[2] On May 23, 2012, the Fourth Circuit affirmed the sentence. *United States v. Leech*, 481 Fed. App'x 846, 848 (4th Cir. 2012).

On July 13, 2012, Leech moved *pro se* for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. ECF No. 345. By its August 3, 2012 Order, the Court notified Leech that the pleading was more properly construed

---

[1] The Fourth Circuit vacated his sentence and remanded directing the district court to include a discussion of the § 3553(a) factors in support of the sentence imposed in resentencing. *See Leech*, 409 Fed. App'x at 640-41.

[2] The Fourth Circuit held that Leech was "foreclosed from challenging his conviction in [the second] appeal, because we affirmed his conviction in a prior proceeding and no exceptions exist permitting Leech to now raise these foreclosed claims." *United States v. Leech*, 481 Fed. App'x 846, 848 (4th Cir. 2012).

under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and granted him 20 days to notify the Court whether he wished to withdraw his filing or have it ruled upon as submitted. ECF No. 351. The Court warned Leech of the consequences of recharacterizing his motion by informing him that the Court may not consider a second or successive motion unless it has been certified by the Court of Appeals for the Fourth Circuit to contain newly discovered evidence or a new rule of constitutional law. See ECF No. 351 at 1. Leech filed a reply requesting the motion be reviewed under Rule 60(b) as filed. ECF No. 352.

II. Analysis

Leech argues in his Rule 60(b) motion that his conviction is invalid because the prosecution engaged in fraud, he received ineffective assistance of counsel, and the Court lacked subject matter jurisdiction over the case. See ECF No. 345 at 2.

A. Rule 60(b) Motion

Leech bases his motion on three provisions of Rule 60(b) which provide for relief from a final judgement for fraud under (b)(3), because the judgment is void under (b)(4), and for any other reason that justifies relief under (b)(6). See ECF No. 345 at 2; Fed. R. Civ. P. 60(b). Rule 60(b) of the Federal Rules of Civil Procedure does not provide a basis to attack a

criminal judgment.³ *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). Rule 1 of the Federal Rules of Civil Procedure states that "[t]hese rules govern the procedure in all *civil* actions and proceedings in the United States district courts." Fed. R. Civ. P. 1 (emphasis added). Because Leech is challenging a criminal conviction and not a civil judgment, Rule 60(b) is not applicable. Accordingly, the Rule 60(b) motion will be denied.

B.  28 U.S.C. § 2255 Pleading

The status of a *pro se* motion is determined by its subject matter and not the caption the petitioner assigns to it. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998). Although Leech captions his pleading as a motion under Rule 60(b), it is clear that he is collaterally challenging his criminal sentence. Accordingly, his claim is more properly raised in a 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct.⁴ A court may recharacterize a *pro se* motion "to create a better correspond-

---

³ Leech has not previously filed a 28 U.S.C. § 2255 proceeding to collaterally attack his conviction. For this reason, he cannot claim his Rule 60(b) action attacks a defect in the collateral review process, "such as an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003); *see also Gonzales v. Crosby*, 545 U.S. 524, 532 (2005) (Rule 60(b) motion proper where it attacks a defect in the integrity of the federal habeas proceedings).

⁴ *See Winestock*, 340 F.3d at 207 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a [§ 2255] application . . .").

4

dence between the substance of a *pro se* motion's claim and its underlying legal basis." *See Castro v. United States*, 540 U.S. 375, 381-82 (2003).

To recharacterize a *pro se* litigant's pleading as a first § 2255 motion, the Court must notify the litigant of its intention to recharacterize the pleading, warn the litigant of the consequences of recharacterization on subsequent § 2255 motions, and provide him with an opportunity to withdraw or amend the motion. *See Castro*, 540 U.S. at 383. Here, after being notified by the Court that the pleading should be construed under § 2255, Leech asked this Court to review his motion under Rule 60(b) as filed. *See* ECF No. 352. For this reason, the Court will dismiss the 28 U.S.C. § 2255 motion without prejudice.

C. Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the court's decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S.

473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotation marks omitted). Denial of a COA does not prevent the petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

Insofar as a Certificate of Appealability may be required to appeal this decision, this Court finds that Leech has not made a substantial showing of the denial of his constitutional rights. *See Miller-El*, 537 U.S. at 336; *Slack*, 529 U.S. at 484; *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Accordingly, the Court will not issue a COA.

III. Conclusion

For the reasons stated above, Leech's Rule 60(b) motion will be denied. His § 2255 motion will be dismissed without prejudice.

_____10/17/13_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge